IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TONYA LINDSEY, *pro se*,  )
        Plaintiff,  )  CASE NO. 2:17-CV-678-MHT
v.  )
       )  JURY TRIAL REQUESTED
ALABAMA DEPARTMENT OF LABOR,  )
       )
        Defendant.  )

## COMPLAINT

**COMES NOW** the Plaintiff, Tonya Lindsey, *pro se*, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.    Plaintiff Lindsey files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.    Plaintiff Lindsey filed a charge of race, sex, and retaliation discrimination with the EEOC in Birmingham, Alabama on March 30, 2017. The EEOC claims it issued a right-to-sue on July 7, 2017. However, Plaintiff did not receive her right-to-sue on October 5, 2017. Nonetheless, if the EEOC issued a right-to-sue on July 7, 2017, Plaintiff would have been presumed to have received the right-to-sue on July 10-11, 2017, which is within the last 90 working days.

1

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Tonya Lindsey (hereinafter "Plaintiff" or "Ms.Lindsey"), is a citizen of the United States and a resident of Montgomery, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Alabama Department of Labor (hereinafter "the Department" or "ALDL") is a state department operating under the laws of the State of Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6. Ms. Lindsey is an African-American female. Ms. Lindsey began working for the Alabama Department of Labor on or about April 16, 2000. Ms. Lindsey avers that she is a valuable employee and provides valuable work to the Department.

7. Beginning on or about September 29, 2016, Ms. Lindsey started being subjected to inappropriate sexually charged comments by Mark Chandler, a white male. Such comments included that Ms. Lindsey "would look cute pregnant" and "as a baby shower gift [Chandler] would give her cloth diapers, clothes pins, and a washboard." Ms. Lindsey was highly offended and hurt by these comments and reported these comments to Mr. Chandler's supervisor, Thomas Daniel, an African-American male, but Mr. Chandler was not reprimanded for the inappropriate and offensive comments. In fact, on or about November 2016, Mr. Chandler was promoted to a higher position.

8. On or about December 2, 2016, Mrs. Haley Hornsby, a white female, went into Ms. Carolyn Hollies' office and stated that she would not be able to attend an upcoming conference, in which she (Hornsby) was scheduled to give a presentation. Mrs. Hornsby asked Ms. Hollies if Ms. Lindsey could do the presentation.

9. Ms. Lindsey felt that she was not prepared to present at the conference because she did not receive the appropriate information before she left for the conference on December 6, 2016. As such, Ms. Lindsey did not present at the conference.

10. Upon her return to work on December 12, 2016, Ms. Lindsey was informed that she was being reassigned to another unit due to a "conflict." However, Ms. Lindsey was later informed that she was reassigned because of "budget cuts within the department" and various other reasons, including the fact that she was perceived as "too confident." As a result of the transfer, Ms. Lindsey was required to supervise less staff and she lost a position on a valuable committee. In addition, Ms. Lindsey avers that this demotion will block her promotion status within the Department.

11. Although Mrs. Hornsby, a white female, was scheduled to present at the conference but did not, she was never punished, reprimanded or demoted as a result of her refusal to present at the conference. However, Ms. Lindsey, who was not previously scheduled to speak at the conference was demoted to a less prestigious position immediately upon her return to work.

12. Ms. Lindsey avers that the reasons provided for her demotion were pretextual and that the real reason she was demoted was because of her female gender

3

and African-American race and also in retaliation for reporting Mr. Chandler's sexually charged comments.

13. In addition, prior to being moved to the other unit, Ms. Lindsey received evaluations of "consistently exceeds standards." However, since being forced to transfer to the new unit on or about December 20, 2016, Ms. Lindsey has received negative evaluations, which do not accurately reflect her job performance.

14. Ms. Lindsey avers that she has been singled out and treated differently than other employees at the Department, and that she is being singled out because she is an African-American female.

15. As a result of the illegal discrimination practiced against her, Ms. Lindsey has lost potential income, suffered mental anguish, and has incurred fees for pursuing this matter.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

17. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

18. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - SEX DISCRIMINATION

19. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of sex discrimination in

employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

19. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her sex, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

20. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's sex;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of sex discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the sex discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and fees, including those incurred for seeking administrative relief; and

f)   Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT THREE - RETALIATON DISCRIMINATION

21.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1through 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

22.   As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

23.   Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)   A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff;

b)   An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c)   An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d)  An award of all court costs and fees, including those incurred for seeking administrative relief;

e)  Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 6th day of October, 2017.

Tonya Lindsey, *pro se*

Ms. Tonya Lindsey
801 Montero Dr.
Montgomery, Alabama 36110
(334) 395-5439

**NOTE FOR SERVICE**

Please serve the Defendant at the following address:

Alabama Department of Labor
649 Monroe St.
Montgomery, AL 36101